IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:12CR10-1 |
| | : | |
| v. | : | |
| | : | |
| DAVID MATTHEW HALLMAN | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, DAVID MATTHEW HALLMAN, in his own person and through his attorney, Charles L. White, II, and state as follows:

1. The defendant, DAVID MATTHEW HALLMAN, is presently under Indictment in case number 1:12CR10-1, which in Counts One, Two, Three, Four, Five, Six, Seven, and Eight charge him with a violation of Title 18, United States Code, Section 2251 (a) and (e), production of child pornography.

2. The defendant, DAVID MATTHEW HALLMAN, will enter a voluntary plea of guilty to Counts One, Two, Five, and Seven of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, DAVID MATTHEW HALLMAN, understands that as to Counts One, Two, Five, and Seven of the Indictment herein,

he may be sentenced to a term of imprisonment of not less than fifteen years and not more than thirty years, as to each count, and the maximum fine for Counts One, Two, Five, and Seven of the Indictment is $250,000, or both, as to each count. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

      b.    The defendant, DAVID MATTHEW HALLMAN, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, as to each count, after imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

      c.    The defendant, DAVID MATTHEW HALLMAN, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, DAVID MATTHEW HALLMAN, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

      d.    The defendant, DAVID MATTHEW HALLMAN, further understands that the sentence to be imposed upon him is within the

2

discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e. The defendant, DAVID MATTHEW HALLMAN, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, DAVID MATTHEW HALLMAN, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

f. The defendant, DAVID MATTHEW HALLMAN, understands that, by entering a plea of guilty to Counts One, Two, Five, and Seven of the Indictment, he may be required to register as a sex offender under the laws of any state in which he may reside, and that it is

3

the defendant's responsibility to comply with any applicable registration requirements. See 42 U.S.C. § 16901-16962 (Jacob Wetterling, Megan Nicole Kanka, and Pam Lychner Sex Offender Registration and Notification Program) and 18 U.S.C. § 4042 (2000) (requiring defendants to register as a sex offender within 10 days of release from incarceration or sentence to probation). If the defendant resides in the state of North Carolina following any term of imprisonment, the defendant agrees to register as a sex offender pursuant to N.C.G.S. §§ 14-208.5 - 208.45 in the county of his residence and provide verification to the probation department of such registration. The defendant also understands that if he does not return to, or moves from the state of North Carolina, he may be required to register as a sex offender pursuant to the state laws of his new residence.

3. By voluntarily pleading guilty to Counts One, Two, Five, and Seven of the Indictment herein, the defendant, DAVID MATTHEW HALLMAN, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4

4. The defendant, DAVID MATTHEW HALLMAN, is going to plead guilty to Counts One, Two, Five, and Seven of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, DAVID MATTHEW HALLMAN, to Counts One, Two, Five, and Seven of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, DAVID MATTHEW HALLMAN. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. It is understood that if the Court determines at the time of sentencing that the defendant, DAVID MATTHEW HALLMAN, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

c. It is further agreed by and between the United States and the defendant, DAVID MATTHEW HALLMAN, that in exchange for the government's agreement to dismiss Counts Three, Four, Six, and Eight of the Indictment, the defendant expressly waives the right to appeal whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6. It is further understood that the United States and the defendant, DAVID MATTHEW HALLMAN, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, DAVID MATTHEW HALLMAN, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each

6

Case 1:12-cr-00010-CCE   Document 34   Filed 08/15/12   Page 6 of 7

offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 14th day of August, 2012.

RIPLEY RAND
United States Attorney

CHARLES L. WHITE, II
Attorney for Defendant

ANAND P. RAMASWAMY
NCSB #24991
Assistant United States Attorney

DAVID MATTHEW HALLMAN
Defendant

P. O. Box 1858
Greensboro, NC 27402

336/333-5351

7